JOHN T. DUFFY *vs.* MARTIN F. REDDY *et al.*

FEBRUARY 7, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This bill in equity was brought by the complainant, John T. Duffy, to have certain conveyances of real estate declared null and void, and to have certain personal property restored to him. The cause was heard in the superior court on bill, answer, replication and proof, and resulted in the entry of a decree dismissing the bill as to the respondent Martin F. Reddy but granting it, in part, as to the other respondents, Margaret Ann Duffy, Elizabeth F. Duffy, Clara G. Davis and John E. Davis. From this decree the latter have appealed to this court.

They contended here that the decree is erroneous on the ground that there is no evidence in the record to support the findings of fact of the trial justice, upon which the decree is based. They further contended that, even

if there is such evidence, the decree does not do equity, as it denies them an accounting to which they claim to be entitled.

The following facts are undisputed. The complainant John T. Duffy and respondent Margaret Ann Duffy were married in 1890. They lived together until July 7, 1938, when she left their home, while her husband was absent, and took with her all the household furniture and furnishings, except a bed and a few other articles which she left for him. Two daughters, Elizabeth F. Duffy and Clara G. Davis, who had been living at the home of their father and mother, also went with their mother, and together with John E. Davis, the husband of Clara, set up a new home for themselves to which their father was not admitted.

A few years after their marriage, John T. Duffy and Margaret Ann Duffy acquired a house and lot in the town of West Warwick in this state, and took title thereto as tenants in common. The title remained in that condition until sometime in 1927, when it was altered from a tenancy in common to a joint tenancy. Later in 1929, the title was again altered by including the two daughters in a new joint tenancy deed. The next year, 1930, John E. Davis, the husband of Clara, was also made a joint tenant. These conveyances, by means of which the title to this property was thus altered, are the conveyances which the complainant seeks to have declared null and void.

This real estate was the home of the complainant and his wife and daughters from the day it was acquired until they deserted him in 1938. To its repair, development and improvement John T. Duffy contributed a large part of his earnings. With the generous assistance of his wife's brother, Martin F. Reddy, they paid off the mortgage on this real estate and converted it into a very comfortable

home. The complainant was a sober, industrious and frugal man, and worked continuously down to the year 1925, when his employer went out of business. Thereafter he worked two or three years in East Greenwich. Since 1928 he has been without employment, except for a few odd jobs. Throughout his married life he always turned over to his wife all his wages and left wholly to her the financial management of the home. During the first three years after his marriage his weekly wages were only seven dollars, but they were later raised to twelve, then thirty dollars and finally, in 1917, to sixty-five dollars, at which figure they continued until 1925, when he lost his employment.

During all these years, closely approximating half a century, this couple, to all outward appearances, were happily married and enjoyed a contented, peaceful home life with their two daughters, who had remained at home even after reaching their majority and arriving at a point where they were earning their own living. After 1925 or possibly 1928, however, the father was no longer able to contribute to the support of the family. From that time forward, the daughters who were turning over their earnings to their mother, were virtually supporting the household. It was during this period that the daughters were made joint tenants of the real estate and, a short time later, upon the marriage of Clara to John E. Davis, Davis also was made a joint tenant. Thereafter the controversy between the father on the one side and his wife, daughters and son-in-law on the other seems to have developed and finally grown into the unfortunate and tragic incident which occurred on July 7, 1938, when the complainant returned to his home, after a brief absence with friends, to find a practically empty house. He was 73 years of age at this time and was afflicted with partial blindness.

The complainant alleged that the conveyances by which his daughters and his son-in-law were made joint tenants were executed by him at their request and on their assurance that they would care for and support him to the end of his days. He also alleged that he had done nothing to forfeit those assurances of support but, nevertheless, the respondents had left him destitute.

The respondents contended that life with the complainant had finally become unbearable and, shortly before they left him in 1938, even dangerous to their personal security. They also claimed that these conveyances had been freely made by the complainant of his own volition, and that no assurances of support were ever given to him by any of them to induce him to make such conveyances or in consideration of his making them. They also claimed that the furniture which they took with them from the complainant's house was their property, as it had been purchased with their earnings.

There was considerable testimony by the parties in proof of these respective allegations and contentions, and the question presented to the trial justice at the conclusion of the evidence was one almost wholly of the credibility of the witnesses and the reasonable inferences to be drawn from the testimony, and also of the conduct of the parties during the time they all lived together.

Did the respondents persuade the complainant, when he was no longer able to work and when he was largely dependent upon them, to give them an interest in the only substantial thing belonging to him, namely his real estate, and did they in return agree to take care of him for the rest of his life? In a well-stated opinion from the bench, the trial justice found that these respondents had done both. He also found that they had broken their promise to support the complainant and had left

him without a home. And, in the course of his opinion, he gave the reasons which prompted him to make those findings.

We have carefully read the evidence upon which the trial justice acted and we are clearly of the opinion that he was correct in the conclusion which he drew therefrom. He was also correct in his finding that the complainant was entitled to one half of the amount of a family bank account, which had long been in the name of the complainant and his wife as joint tenants and which she had, unknown to him, closed out at the bank at some time prior to deserting him on July 7, 1938. His other findings, with reference to a violin and a pair of micrometers, were also clearly correct, as there was no testimony that they belonged to anyone but the complainant. There was no testimony to show that he had ever given them to any of the respondents.

The claim of the respondents for an accounting is without any support in the evidence and was properly denied. They never gave the complainant any money. Such money as the respondents Elizabeth F. Duffy and Clara G. Davis ever gave, they gave to respondent Margaret Ann Duffy and not to the complainant. If any of that money was used for taxes, insurance, and repairs on the real estate, those respondents were not entitled to reimbursement therefor, at least under the circumstances in evidence here. From 1929 and 1930 they were joint tenants of this property and enjoyed, in part, the use of the property; and it was only because of what the trial justice found was a breach of their agreement with the complainant that they forfeited such title. Equity will not aid them now to save themselves from the consequences of their own voluntary acts.

From our examination of the transcript, we are unable to find any evidence bearing on any of the contentions of

the respondents that would warrant us in saying that the decision of the trial justice is clearly erroneous. On the contrary, we are of the opinion that the decree entered in the superior court does substantial justice and should not be disturbed.

The appeal of the respondents is denied and dismissed, and the cause is remanded to the superior court for further proceedings.

*Grim and Littlefield, Benjamin W. Grim,* for complainant.

*Justin P. McCarthy,* for respondents.